1    DOUGLAS FUCHS, SBN 196371
     dfuchs@gibsondunn.com
2    ILISSA SAMPLIN, SBN 314018
     isamplin@gibsondunn.com
3    DANIEL NOWICKI, SBN 304716
     dnowicki@gibsondunn.com
4    GIBSON, DUNN & CRUTCHER LLP
     333 South Grand Avenue
5    Los Angeles, CA 90071-3197
     Telephone: 213.229.7000
6    Facsimile: 213.229.7520

7    Attorneys for KORN FERRY
     and MARAT FOOKSON

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12

| | |
|---|---|
| 13  SSI(U.S.), INC., a Delaware corporation, d/b/a SPENCER STUART, SPENCER STUART INTERNATIONAL B.V., AND SPENCER STUART INTERNATIONAL IRELAND, LTD., LIMITED LIABILITY COMPANY SPENCER STUART INTERNATIONAL, | CASE NO. 2:21-cv-02073-JVS-PD **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF LAW IN SUPPORT THEREOF** |

17                                       *[[PROPOSED] ORDER AND*
                    Plaintiffs,          *DECLARATION IN SUPPORT FILED*
18                                       *CONCURRENTLY HEREWITH]*
          v.
19                                       **Hearing:**
     KORN FERRY, a Delaware             Date:    June 7, 2021
20   corporation, and MARAT             Time:    1:30 pm
     FOOKSON,                            Place:   Courtroom 10C
21                                       Judge:   Hon. James V. Selna
                    Defendants.
22

23

24

25

26

27

28

1
2

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3      PLEASE TAKE NOTICE that on Monday, June 7, 2021 at 1:30 pm, in Courtroom

4   10C of this Court at Ronald Reagan Federal Building and U.S. Courthouse, 411 West

5   4th Street, Santa Ana, CA 92701-4516, Defendants Korn Ferry and Marat Fookson

6   ("Defendants") will and hereby do move to stay discovery in the above-captioned action

7   pending resolution of Defendants' motion to dismiss (filed at Dkt. 20), which is set to

8   be heard on July 19, 2021.  Defendants' requested stay would not apply to the exchange

9   of initial disclosures under Fed. R. Civ. P. 26(a)(1).

10      This motion is based on this Notice of Motion; the following Memorandum of

11   Law; the accompanying declaration of Ilissa Samplin (the "Samplin Decl."); the files in

12   these actions; argument of counsel; and such other matters as the Court may consider.

13   This motion is made following the conference of counsel pursuant to Local Rule 7-3,

14   which took place via telephone on May 4, 2021.[1]  During that conference, the parties

15   were unable to resolve the issues presented in this Motion.

16

17   Dated:  May 10, 2021

18

19                                           DOUGLAS FUCHS
                                             ILISSA SAMPLIN
20                                           DANIEL NOWICKI
                                             GIBSON, DUNN & CRUTCHER LLP
21

22                                           By:  */s/         Ilissa Samplin*
                                                       Ilissa Samplin
23

24                                           Attorneys for Defendants KORN FERRY and
                                             MARAT FOOKSON
25

26

27   _____

[1]  Defendants requested that a meet and confer take place on May 3, 2021, seven days
28   prior to the filing of this Motion.  Plaintiffs were not available on May 3, but agreed that
     a meet and confer on May 4 would satisfy the requirements of Local Rule 7-3.  *See*
     Samplin Decl. ¶ 4; *id.* Ex. B at 2–3.

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

<u>Page</u>

I.  INTRODUCTION ..................................................................................... 1

II. BACKGROUND ...................................................................................... 4

    A.  Plaintiffs File their Complaint Alleging Misconduct in Russia................ 4

    B.  Defendants Move to Dismiss the Complaint ............................................ 4

    C.  Plaintiffs Refuse to Stipulate to a Short Discovery Stay ......................... 6

III. LEGAL STANDARD ................................................................................ 8

IV. ARGUMENT ........................................................................................... 9

    A.  Defendants' Motion to Dismiss is Potentially Dispositive ...................... 9

    B.  Discovery Would Frustrate the Purpose of *Forum non Conveniens* ...... 11

    C.  Conducting Discovery Before Deciding the Motion to Dismiss
        Would Be Burdensome ......................................................................... 12

    D.  The Stay Would Be Brief ...................................................................... 14

V.  CONCLUSION ...................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

## CASES

Abogados v. AT&T, Inc.,
  223 F.3d 932 (9th Cir. 2000) ................................................................. 6, 10

Amey v. Cinemark USA Inc.,
  2013 WL 12143815 (C.D. Cal. Oct. 18, 2013) ......................................... 8

Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.,
  727 F.3d 917 (9th Cir. 2013) ..................................................................... 5

Campbell v. Facebook Inc.,
  2015 WL 4463809 (N.D. Cal. July 21, 2015) .......................................... 13

Cheng v. Boeing Co.,
  708 F.2d 1406 (9th Cir. 1983) .................................................................... 7

de Borja v. Razon,
  2019 WL 4724317 (D. Or. Aug. 16, 2019) .............................................. 11

de Borja v. Razon,
  835 F. App'x 184 (9th Cir. 2020) ............................................................... 9

Delta Alcohol Distributors v. Anheuser-Busch Int'l, Inc.,
  28 F. Supp. 3d 682 (E.D. Mich. 2014) ..................................................... 11

In re Google Digital Advert. Antitrust Litig.,
  2020 WL 7227159 (N.D. Cal. Dec. 8, 2020) ........................... 2, 10, 12, 13, 14

Masimo Corp. v. Apple Inc.,
  2020 WL 4037213 (C.D. Cal. June 25, 2020) ...................................... 5, 10

Masimo Corp. v. Apple Inc.,
  2020 WL 6653652 (C.D. Cal. Oct. 13, 2020) ........................................... 10

Mintun v. Experian Info. Sols., Inc.,
  No. 2019 WL 2130134 (D. Nev. May 15, 2019) ...................................... 13

Nai-Chao v. Boeing Co.,
  555 F. Supp. 9 (N.D. Cal. 1982) ............................................. 2, 8, 11, 13

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*New Classic Home Furnishings, Inc. v. Haining Nice Link Home Furnishings Co.*,
    2012 WL 13015017 (C.D. Cal. June 4, 2012)............................................2, 3, 4, 9, 10

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)..........................................................................................2, 8, 9

*Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*,
    2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) .......................................1, 8, 9, 10, 13

*Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat (Admin. of State Ins.)*,
    902 F.2d 1275 (7th Cir. 1990) ...................................................................................13

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) .......................................................................................8

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007)..............................................................................................9, 11

*Smith v. Craig*,
    2019 WL 4781852 (D. Nev. Sept. 30, 2019)........................................................14, 15

*Sullivan v. Oracle Corp.*,
    254 P.3d 237 (Cal. 2011) .......................................................................................6, 10

*In re Toyota Motor Corp.*,
    785 F. Supp. 2d 883 (C.D. Cal. 2011) ............................................................2, 4, 10

*Tradebay, LLC v. eBay, Inc.*,
    278 F.R.D. 597 (D. Nev. 2011) ......................................................................8, 13, 14

*Varnelo v. Eastwind Transp., Ltd.*,
    2003 WL 230741 (S.D.N.Y. Feb. 3, 2003) ................................................................11

*Wagh v. Metris Direct, Inc.*,
    363 F.3d 821 (9th Cir. 2003) .......................................................................................8

**OTHER AUTHORITIES**

Charles Alan Wright & Arthur R. Miller, 14D Fed. Prac. & Proc. Juris. (4th ed.)...9, 11

Gibson, Dunn &
Crutcher LLP

iii

# TABLE OF AUTHORITIES
(continued)

Page(s)

Data Protection Laws of the World: Russia,
https://www.dlapiperdataprotection.com/index.html?t=definitions&c=RU ...... 12, 13

The New Russian Data Protection Law: Five Important Things To Know,
https://www.navexglobal.com/blog/article/new-russian-data-protection-law-five-important-things-know/ ............................................................................................ 12

## RULES

Fed. R. Civ. P. 26(b)(1) ................................................................................................ 8

Gibson, Dunn &
Crutcher LLP

# I.    INTRODUCTION

This lawsuit—about the actions of Russian employees, who allegedly violated their Russian-law contracts and Russian-law fiduciary duties when moving from one Russian employer to another—belongs in Russia, if it belongs anywhere at all. Defendants filed a motion to dismiss the Complaint (the "Motion to Dismiss," also cited herein as "Mot.") for:

> (1) failure to join indispensable parties—i.e., the Russian employees accused of the wrongdoing alleged in the Complaint;
>
> (2) *forum non conveniens*, given that this suit about Russian conduct and Russian law, and involving Russian witnesses, should be heard in Russia; and
>
> (3) failure to state a claim under Russian law, which governs this dispute, and U.S. law, to the extent applicable.

The Motion to Dismiss explains that the case should not proceed here at all—but if it does, Plaintiffs' claims should be governed by, and fail under, Russian law.[2] Plaintiffs disagree, and presumably[3] will argue that their claims should not only be heard here, but also that they adequately pleaded their claims under the relevant law (whether Russian or American). But until the Court rules on Defendants' Motion to Dismiss, the parties cannot know (1) whether this is an appropriate forum, and (2) even if it is, what law governs Plaintiffs' claims. Discovery should not move forward before these threshold issues are resolved.

Discovery should be stayed pending resolution of a motion to dismiss when the motion is "potentially dispositive of the entire case" and the motion "can be decided absent additional discovery"—both of which are true here. *Quezambra v. United*

---

[2]  As explained further herein and in the Motion to Dismiss, Plaintiffs' four common-law claims are governed by Russian law under California's choice-of-law test. Although Plaintiffs' two other claims are based on U.S. statutes, these statutory claims also depend on the resolution of Russian law issues.

[3]  Plaintiffs disagreed with Defendants' arguments when the parties discussed the then-prospective Motion to Dismiss during the Local Rule 7-3 conference on April 15, 2021. But Plaintiffs have not yet filed their opposition to the Motion to Dismiss, so Defendants do not know exactly what Plaintiffs will argue to support their claims.

*Domestic Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (granting stay).  The Motion to Dismiss lays out three separate grounds for dismissing the entire care—Rule 19, *forum non conveniens*, and failure to state a claim—and Plaintiffs have not suggested that they require any discovery to respond to these arguments.  And there are powerful reasons to grant the Motion and dismiss the case—indeed, this Court's own precedents dictate dismissal pursuant to Rule 19 (*see In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 905–09 (C.D. Cal. 2011)), and *forum non conveniens* (*see New Classic Home Furnishings, Inc. v. Haining Nice Link Home Furnishings Co.*, 2012 WL 13015017, *3–*4 (C.D. Cal. June 4, 2012)).  Wasteful discovery should not proceed in this case given that it should be dismissed in its entirety.

Discovery should be stayed for another reason:  expensive discovery should not continue while a *forum non conveniens* motion is pending.  As numerous courts—including the Supreme Court—have explained, the *very point* of the *forum non conveniens* doctrine is to avoid expensive litigation in an inappropriate forum, so allowing discovery while the motion is pending defeats the purpose of *forum non conveniens*.  *See Nai-Chao v. Boeing Co.*, 555 F. Supp. 9, 11 n.2 (N.D. Cal. 1982), *aff'd*, 708 F.2d 1406 (9th Cir. 1983) ("As the Supreme Court observed in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981), '[r]equiring extensive investigation would defeat the purpose of their motion.'").  Even if the other arguments in the Motion to Dismiss are set aside—and they should not be—discovery should be stayed until the *forum non conveniens* motion is resolved.  *Id.* (explaining court's decision to stay all discovery and other matters pending resolution of *forum non conveniens* motion).

A stay pending resolution of the Motion to Dismiss is also necessary because until the Court has ruled on the Motion to Dismiss, the parties do not know what claims will be allowed to proceed or even what law will govern any such claims.  Proceeding with discovery before the parties know what claims will proceed or what law governs will result in wasteful discovery disputes over what discovery is relevant and appropriate—which would be avoided if discovery is stayed while the Motion to Dismiss is resolved.

*See In re Google Digital Advert. Antitrust Litig.*, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020) (explaining that a stay was appropriate pending resolution of the motion to dismiss, because such a stay "allows all parties to commence discovery with a better understanding of which claims, if any, they must answer").

Further, although Plaintiffs have suggested they will only seek "US-based" discovery while the Motion to Dismiss is pending, all of their allegations in this case relate to the conduct of Russian citizens. Discovery regarding the personal communications of those citizens will be subject to Russian privacy and labor laws, the scope of which will need to be litigated. Although this litigation will be unavoidable if this case proceeds here, it could be avoided if the Court grants the Motion to Dismiss— which is all the more reason to wait for discovery until the Motion is resolved.

Rather than proceed with discovery in an inappropriate forum on undefined claims and in possible violation of Russian law, the parties should wait for the Court's ruling to clarify whether any claims will be heard here and, if so, the elements and scope of those claims. The parties will not have to wait long—the Motion to Dismiss is set to be heard on July 19, so if the Court grants the requested stay on June 7 (the date this request is set to be heard), the stay should last, at most, two months.[4] And the parties can still exchange initial disclosures under Rule 26(a)(1), because compiling those disclosures does not require knowing what law governs Plaintiffs' claims and entails minimal burden and expense. But the burden of engaging in other discovery would not be so minimal, and granting a brief stay of such discovery would be far more efficient than beginning discovery now and inviting disputes regarding what exactly Plaintiffs' claims are, what exactly Plaintiffs are entitled to discover, and what discovery would infringe on the Russian employees' rights—particularly when this entire case may (and should) be dismissed anyway.

---

[4] For example, in *New Classic Home Furnishings, Inc. v. Haining Nice Link Home Furnishings Co.*, 2012 WL 13015017 (C.D. Cal. June 4, 2012), this Court granted a *forum non conveniens* motion less than two months after it was filed. *See id.* at *1 n.1.

Therefore, Defendants respectfully request that the Court enter a short stay of discovery, aside from the exchange of initial disclosures under Rule 26(a)(1), pending the Court's decision on Defendants' Motion to Dismiss.

## II.     BACKGROUND

### A.     Plaintiffs File their Complaint Alleging Misconduct in Russia

Plaintiffs filed their Complaint on March 8, 2021, alleging that the former employees of the Russian Plaintiff ("Spencer Stuart Russia") left and joined Korn Ferry's Russian subsidiary.  Plaintiffs allege that these former employees (the "Russian Employees") recruited one another to leave Spencer Stuart Russia, Compl. ¶ 60, diverted business, *id.* ¶¶ 84–90, and sent emails to themselves containing unspecified "trade secrets," *id.* ¶ 67; *see also id.* ¶ 41 (describing the purported "trade secrets" as "detailed data and explanations, and related documentation").  According to Plaintiffs, the Russian Employees' actions breached their Russian law employment contracts with Spencer Stuart Russia, and also breached Russian law fiduciary duties purportedly owed to Spencer Stuart Russia.  *Id.* ¶¶ 99, 108, 125, 131.  In an effort to connect this Russian employment dispute with the California Defendants that they sued, Plaintiffs baldly assert—on "information and belief"—that the Russian Employees' alleged actions were taken "at the direction" of Defendants.  *Id.* ¶ 71.

### B.     Defendants Move to Dismiss the Complaint

On April 29, 2021, Defendants filed their Motion to Dismiss, explaining that Plaintiffs' Complaint fails on numerous grounds.  First, as the Motion to Dismiss explains, the Complaint must be dismissed in its entirety because the Russian Employees—who are clearly alleged to be "active participants in the alleged wrongful conduct"—cannot be joined here.  *Toyota*, 785 F. Supp. 2d at 905 (dismissing action for failure to join indispensable parties); Mot. at 7–11.  Second, the Complaint must be dismissed in its entirety under the doctrine of *forum non conveniens*, because the events underlying this dispute occurred in Russia, the Russian Employees and their devices are in Russia, and Russian law governs the dispute.  Mot. at 12–19; *New Classic*, 2012 WL

13015017, at *3 (dismissing for *forum non conveniens* when "the majority of events underlying this dispute occurred in China" and "this Court has little familiarity with Chinese law, which is likely to control the contracts at issue").

The Motion to Dismiss also explains that even if this case proceeds here, all of Plaintiffs' claims fail. As an initial matter, the three non-Russian Plaintiffs have not even *attempted* to plead facts showing that they have a claim—the *only* Plaintiff even ostensibly injured by the Russian Employees' alleged breach of their duties to Spencer Stuart Russia is Spencer Stuart Russia itself. Mot. at 6–7. But Spencer Stuart Russia has not stated a claim either. All Plaintiffs have failed to allege facts showing that Defendants—Korn Ferry and Marat Fookson—acquired any trade secrets, which precludes any DTSA claim. *Id.* at 19–21. Plaintiffs allege on "information and belief" that Defendants "directed" the Employees to send emails to themselves, but these conclusory assertions are insufficient to survive a motion to dismiss. *See Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 927 (9th Cir. 2013) ("Although Hill is alleged to have 'directed' the other defendants to take these actions, no factual assertions support this allegation, and the conclusory allegations are insufficient on their own to defeat a motion to dismiss."). Plaintiffs also fail to allege facts showing that they took the actions required by Russian law to protect their purported trade secrets, meaning that the Employees had no duty under Russian law to keep the information secret. Mot. at 21–23. And the DTSA claims fail for a *third* reason—namely, that Plaintiffs' vague assertion that all their "data and explanations" constitute a "trade secret," Compl. ¶ 41, "does not meaningfully define the trade secrets at issue." *Masimo Corp. v. Apple Inc.*, 2020 WL 4037213, at *4 (C.D. Cal. June 25, 2020); Mot. at 23–24.

Further, the Motion to Dismiss explains that Plaintiffs' common-law claims fail under governing Russian law. Under California's choice-of-law test, Russian law governs Plaintiffs' claims that Defendants interfered with the Russian-law contracts and Russian-law fiduciary duties supposedly owed by the Russian Employees to their former

Russian employer. Mot. at 24–26. And because tortious interference and aiding-and-abetting claims are not recognized by Russian law, Plaintiffs' attempt to bring those claims here fails. *Id.* at 26; *Abogados v. AT&T, Inc.*, 223 F.3d 932, 933 (9th Cir. 2000) (affirming dismissal of interference claims, because Mexican law did not recognize them). Even if California law governed, the Plaintiffs' claims still fail—because the claims depend on the Russian Employees' alleged breach of their Russian-law duties, but those duties were never actually breached (to the extent they exist at all). Mot. at 26–29.

Finally, Plaintiffs' UCL claims fail because California's statute does not apply extraterritorially to conduct that occurred in Russia—notwithstanding Plaintiffs' bald assertion that this conduct was purportedly orchestrated in Los Angeles. Mot. at 29–30; *Sullivan v. Oracle Corp.*, 254 P.3d 237, 248 (Cal. 2011) (rejecting extraterritorial application of UCL because the fact "that Oracle's decision to [engage in allegedly unlawful conduct] was made in California does not, standing alone, justify applying the UCL" to claims by non-Californians). And even if the UCL did apply, Plaintiffs' claims fail—because their claim under the "unlawful" prong of the UCL depends entirely on their other legally deficient claims, and Plaintiffs have not even *attempted* to plead an antitrust violation that would support a claim under the "unfair" prong. Mot. at 30.

Plaintiffs' opposition to the Motion to Dismiss is due on June 7, 2021, and Defendants' reply brief is due on June 28, 2021. The Court is scheduled to hear the Motion to Dismiss on July 19, 2021.

## C.    Plaintiffs Refuse to Stipulate to a Short Discovery Stay

On April 20, 2021—before Defendants filed the Motion to Dismiss, but after Defendants had explained the grounds for their Motion to Plaintiffs during the Local Rule 7-3 conference—Defendants' counsel contacted Plaintiffs' counsel to ask if Plaintiffs would agree to postpone the Rule 26(f) discovery conference and related discovery deadlines until after the Court heard the Motion to Dismiss on July 19.

Gibson, Dunn &
Crutcher LLP

6

Samplin Decl. ¶ 3; Ex. A at 3.[5]  Plaintiffs' counsel rejected Defendants' proposal and stated that Plaintiffs intended "to move forward with discovery."  Ex. A at 2.

On April 30, after the Motion to Dismiss was filed, Defendants' counsel again contacted Plaintiffs' counsel and explained that it would be inappropriate and inefficient to begin discovery before the Court had ruled on whether the case could go forward in this forum at all, and before the Court had clarified what law applies to Plaintiffs' claims. Ex. B at 6.  Defendants offered to compromise by holding a Rule 26(f) conference on May 10, 2021 and serving initial disclosures 14 days later, in exchange for Plaintiffs' agreement to stay discovery until after the Court's ruling on the Motion to Dismiss.  *Id.* Defendants' counsel followed up on the morning of May 2, asking if Plaintiffs would be available for a meet-and-confer on May 3, so that Defendants could file a motion to stay by May 10.  *Id.* at 5.  Plaintiffs' counsel responded that they were not available on May 3, but would agree that holding a meet-and-confer the following day, May 4, would satisfy Local Rule 7-3 with respect to a motion filed on May 10.  *Id.* at 2–3.

Both before and during the meet and confer, Plaintiffs rejected Defendants' proposal and stated that they wished to move forward with discovery while the Motion to Dismiss was pending, but initially would seek discovery only from "US-based sources," *id.* at 4, and would not serve deposition notices, Samplin Decl. ¶ 5; Ex. C at 2–3.  Defendants' counsel reiterated that it would be inappropriate and inefficient to seek discovery from any source until the Court had clarified (1) whether this case would proceed in this forum, and (2) what law governs Plaintiffs' claims.  Samplin Decl. ¶ 5; Ex. C at 2; *see also* Ex. B at 6.[6]

Throughout the parties' discussions, Plaintiffs never suggested that they required discovery to respond to the Motion to Dismiss.  Samplin Decl. ¶ 7.

---

[5]  Citations to "Exs." are to the Exhibits to the Samplin Declaration, filed concurrently with this motion.  The Exhibit citation pincites use the ECF pagination (which counts the cover page to the Exhibit as page 1).

[6]  On May 10, the parties held the Rule 26(f) discovery conference.  Samplin Decl. ¶ 6.

## III.   LEGAL STANDARD

District courts have wide "discretion" to stay discovery and "[a]n appellate court will not interfere with the trial court's refusal to grant discovery except on the clearest showing . . . [of] actual and substantial prejudice to the litigant." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) (affirming district court's decision to "bar[] all further discovery" while a *forum non conveniens* motion was pending); *see also* Fed. R. Civ. P. 26(b)(1) (granting district courts the power to limit discovery in their discretion).

***Stay pending resolution of Rule 12 motion.***   Although discovery is not automatically stayed when a Rule 12(b) motion is filed, "a district court has broad discretion to stay discovery pending resolution of a potentially dispositive motion." *Amey v. Cinemark USA Inc.*,   2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013). Indeed, "[t]he Ninth Circuit has held that discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion, and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003)); *Quezambra*, 2019 WL 8108745, at *2 (same). This makes good sense: "The purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Quezambra*, 2019 WL 8108745, at *2 (same); *Tradebay*, 278 F.R.D. at 601 (same).   Thus, discovery should be stayed pending resolution of a motion to dismiss when "(1) the pending motion [is] potentially dispositive of the entire case, . . . and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *Quezambra*, 2019 WL 8108745, at *2 (internal quotations omitted).

***Stay pending resolution of motion for dismissal under* forum non conveniens*.*** When a *forum non conveniens* motion is pending, the balance tilts even *more* strongly in favor of staying discovery.   "[T]he very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery." *Nai-Chao*, 555 F. Supp. at 11 n.2

(explaining court's decision to stay all discovery pending resolution of a *forum non conveniens* motion).  "As the Supreme Court observed in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981), '[r]equiring extensive investigation would defeat the purpose of their motion.'"  *Id.*; *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435 (2007) (explaining that defendants should not be "burdened" with the "expense and delay" of discovery when "[t]he District Court inevitably would dismiss the case without reaching the merits" under *forum non conveniens*).  This "is consistent with the purpose of the *forum non conveniens* doctrine, which is to protect defendants and the federal courts from expending resources on matters having little connection to this country from litigation in an inconvenient forum."  Charles Alan Wright & Arthur R. Miller, 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed.) (collecting cases).

Thus, when *forum non conveniens* is at issue, discovery should be allowed only in the rare situation where the discovery is necessary to resolve the *forum non conveniens* motion.  And such discovery is hardly ever necessary, as district courts are fully capable of resolving *forum non conveniens* motions based only on the parties' declarations.  *See, e.g.*, *de Borja v. Razon*, 835 F. App'x 184, 186 (9th Cir. 2020) (affirming district court's decision to deny discovery while *forum non conveniens* motion was pending, given that the requested discovery "would not have aided the court with the *forum non conveniens* analysis," which was properly decided on the basis of the parties' declarations); *New Classic*, 2012 WL 13015017, at *2 (resolving *forum non conveniens* motion based on declarations).

## IV.   ARGUMENT

### A.   Defendants' Motion to Dismiss is Potentially Dispositive

Defendants' Motion to Dismiss provides three separate grounds for dismissing the entirety of Plaintiffs' Complaint:  failure to join indispensable parties, *forum non conveniens*, and failure to state a claim.  Plaintiffs have not suggested that they require discovery to respond to any of these arguments, or identified any discovery that is necessary to resolve the Motion.  Samplin Decl. ¶ 7.  For that reason alone, a stay is

warranted.  *Quezambra*, 2019 WL 8108745, at *2 (granting stay when motion was "potentially dispositive of the entire case," and there was no need for "further discovery" to resolve the motion).

Some courts in other districts evaluating a request for a stay pending a motion to dismiss also take a "preliminary peek" at the merits of the motion to dismiss to assess its strength.  *Google*, 2020 WL 7227159, at *2.  But courts in this district do not take such a "preliminary peek" when considering a motion to stay, and Defendants do not believe it is necessary.  *See Quezambra*, 2019 WL 8108745, at *2 (finding that "the most appropriate test" for a stay does *not* include this element).

Nevertheless, even if such a "preliminary peek" is appropriate at the motion-to-stay stage, it only further demonstrates that Plaintiffs' claims are doomed and discovery would be pointless and wasteful.  Defendants' Motion to Dismiss explains, in detail, why Plaintiffs' claims are barred by the Ninth Circuit's and this Court's own precedents.  *See* Mot. at 7–11 (explaining why Plaintiffs' claims should be dismissed under Rule 19, pursuant to this Court's analysis in *Toyota*, 785 F. Supp. 2d at 905–09); Mot. at 16–19 (explaining why Plaintiffs' claims should be dismissed under the doctrine of *forum non conveniens*, pursuant to this Court's analysis in *New Classic*, 2012 WL 13015017, at *3); Mot. at 23–24 (explaining why Plaintiffs' DTSA claims fail under this Court's analysis in *Masimo*, 2020 WL 4037213, at *4 & *Masimo Corp. v. Apple Inc.*, 2020 WL 6653652, at *4 (C.D. Cal. Oct. 13, 2020)); Mot. at 24–26 (explaining why Plaintiffs' common-law claims are governed by, and fail under, Russian law, pursuant to the Ninth Circuit's analysis in *Abogados*, 223 F.3d at 935); Mot. at 29–30 (explaining why Plaintiffs' UCL claims are impermissibly extraterritorial under *Sullivan*, 254 P.3d at 248, and likewise fail on the merits).

Defendants have done more than enough to show that Plaintiffs' claims fail, and—at the very least—that Defendants' arguments "could prove difficult for Plaintiffs to overcome."  *Google*, 2020 WL 7227159, at *2 (granting motion to stay when defendants' motion to dismiss met this standard).

Gibson, Dunn & Crutcher LLP

**B. Discovery Would Frustrate the Purpose of *Forum non Conveniens***

Allowing discovery also would frustrate the purpose of *forum non conveniens*— which counsels even further in favor of a stay. "A motion to dismiss for forum non conveniens is properly brought at the earliest possible time, and courts *do not typically permit discovery* before hearing such motions." *Delta Alcohol Distributors v. Anheuser-Busch Int'l, Inc.*, 28 F. Supp. 3d 682, 687 (E.D. Mich. 2014) (emphasis added). The very point of the *forum non conveniens* doctrine is to avoid burdensome litigation in the U.S. when a suit should be heard somewhere else. *See Nai-Chao*, 555 F. Supp. at 11 n.2 (staying all discovery pending *forum non conveniens* motion); Charles Alan Wright & Arthur R. Miller, 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed.). Discovery should only be taken while a *forum non conveniens* motion is pending if the discovery is necessary to resolve the motion. *See de Borja v. Razon*, 2019 WL 4724317, at *5 (D. Or. Aug. 16, 2019) (denying requests for discovery while a *forum non conveniens* motion was pending, because plaintiffs' request for discovery on *other* issues did "not seek facts that might bear on that [*forum non conveniens*] analysis"); *Varnelo v. Eastwind Transp., Ltd.*, 2003 WL 230741, at *4 & n.10 (S.D.N.Y. Feb. 3, 2003) (explaining court's rationale for staying all discovery pending motion for *forum non conveniens*, and rejecting plaintiffs' attempt to lift the stay because the court could resolve the motion on the basis of the parties' submissions). Plaintiffs have not suggested that they need any discovery for this purpose. Samplin Decl. ¶ 7.

This case provides a paradigmatic illustration of why allowing discovery in the wrong forum would be wasteful and pointless. If Plaintiffs' suit in this Court is dismissed (as it should be) and Plaintiffs re-file in Russia, either (1) Plaintiffs' claims will be rejected, because Plaintiffs have failed to state a claim under Russian law, or (2) Plaintiffs will try to bring some other claim. *See* Mot. at 26 (citing declarations from Russian law experts at Baker McKenzie, explaining that Plaintiffs have not stated a claim under Russian law). In either situation, discovery taken here relating to Plaintiffs' *current* claims would be worthless. *See Sinochem*, 549 U.S. at 435 (discovery

1 unnecessary when "[t]he District Court inevitably would dismiss the case without

2 reaching the merits" under *forum non conveniens*).

3 **C.  Conducting Discovery Before Deciding the Motion to Dismiss Would Be**

4 **Burdensome**

5  Further, the parties cannot ascertain *what claims* Plaintiffs have brought—and

6 what the scope of discovery regarding those claims should be—until the Court rules on

7 Defendants' Motion to Dismiss.  As the Motion to Dismiss explains, Plaintiffs'

8 common-law claims should be governed by Russian law, and fail under that law, Mot.

9 at 24–26; their DTSA claims fail under the relevant Russian law, *id.* at 21–23 (explaining

10 that Plaintiffs have failed to plead any facts showing the Employees breached their

11 Russian-law contracts, precluding a finding of "improper means" under the DTSA); and

12 their UCL claims do not apply to this Russian dispute *and*, in any event, are entirely

13 dependent on their *other* claims (which are in turn barred by Russian law), *id.* at 29–30.

14 Plaintiffs presumably disagree, and will attempt to argue that some American

15 jurisdiction's law governs their common-law claims, or that Russian law differs from

16 what Baker McKenzie's Russian-law experts have explained.

17  But until the Court resolves this dispute regarding choice-of-law and the scope of

18 Russian law by ruling on the pending Motion to Dismiss, the contours of Plaintiffs'

19 claims will remain unknown.  And while the contours of Plaintiffs' claims remain

20 unresolved, the parties cannot adequately assess relevance and proportionality, as the

21 Federal Rules of Civil Procedure require in discovery.  Indeed, it is unclear how

22 Plaintiffs intend to show that any purported discovery is relevant to their claims when

23 the parties do not know what legal framework governs those claims.  *See Google*, 2020

24 WL 7227159, at *3 (explaining that a stay was appropriate pending resolution of the

25 motion to dismiss, because such a stay "allows all parties to commence discovery with

26 a better understanding of which claims, if any, they must answer").

27  In addition, discovery could implicate the privacy rights of the Russian

28 Employees and require protracted litigation regarding what Defendants may disclose

without infringing on those rights.  *See, e.g.*, The New Russian Data Protection Law: Five Important Things To Know, https://www.navexglobal.com/blog/article/new-russian-data-protection-law-five-important-things-know/ (explaining that any transfer of a Russian citizen's personal data outside of Russia may violate Russian privacy laws); Data Protection Laws of the World: Russia, https://www.dlapiperdataprotection.com/index.html?t=definitions&c=RU (explaining that Russia considers "any information that relates directly or indirectly" to a person to be "personal data," which potentially could include the person's communications). U.S. courts are appropriately hesitant to force parties to American litigation to produce discovery in violation of the laws of foreign countries—particularly a foreign country's domestic privacy law.  *See Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat (Admin. of State Ins.)*, 902 F.2d 1275, 1282–83 (7th Cir. 1990); *Campbell v. Facebook Inc.*, 2015 WL 4463809, at *5 (N.D. Cal. July 21, 2015) (rejecting discovery that violated Irish confidentiality laws).  While disputes over whether Defendants should be forced to violate Russia's privacy laws may be inevitable if Plaintiffs' case proceeds here, those disputes could also be avoided entirely if the Court grants the Motion to Dismiss.

Plaintiffs' offer to temporarily limit their discovery to "US-based sources" is not sufficient because—as already explained—*all* discovery should be stayed pending resolution of Defendants' potentially dispositive Motion to Dismiss.  *See, e.g.*, *Google*, 2020 WL 7227159, at *2–*3 (staying all discovery pending resolution of Rule 12(b)(6) motion that was "potentially dispositive of the entire case"); *Quezambra*, 2019 WL 8108745, at *2 (staying all discovery pending resolution of potentially dispositive Rule 12(b)(6) motion); *Mintun v. Experian Info. Sols.*, Inc., No. 2019 WL 2130134, at *2 (D. Nev. May 15, 2019) (staying all discovery pending resolution of potentially dispositive Rule 12(b)(6) and Rule 12(b)(1) motions); *Tradebay*, 278 F.R.D. at 601 (staying all discovery pending resolution of potentially dispositive Rule 12(b)(6) and Rule 12(b)(1) motions, as "discovery at the pleading stage is only appropriate where factual issues are

Gibson, Dunn & Crutcher LLP

13

raised"); *Nai-Chao*, 555 F. Supp. at 11 n.2 (staying all discovery pending *forum non conveniens* motion).  Discovery from *any* source should be stayed until the Motion is decided.

Further, Plaintiffs' proposal does not even address the Russian privacy issues, as discovery from "US-based" witnesses may include communications with Russian citizens that could be considered "personal data" under Russia's broad privacy law.  *See supra* p. 13.

Defendants are willing to proceed with an exchange of initial disclosures, which do not necessarily require agreement on what law governs Plaintiffs' claims and can be compiled with minimal burden.[7]  But engaging in document and other discovery without knowing what claims will proceed here or what law governs those claims would engender costly and wasteful litigation.  "[A] stay of discovery while the motion to dismiss is pending will best accomplish the objectives of Rule 1, to secure the just, speedy and inexpensive determination of this action." *Tradebay*, 278 F.R.D. at 608.

## D.    The Stay Would Be Brief

Finally, the length of the stay would be minimal.  The Motion to Dismiss will be heard on July 19, 2021, and presumably resolved on that date or shortly thereafter.[8]  If the Court enters a stay on June 7 (when this motion is scheduled to be heard), it would be lifted by the end of July—either because the Court has granted the Motion to Dismiss and the case has been closed, or because the Court has denied the Motion to Dismiss.  A stay of two months (or less) is not prejudicial to Plaintiffs—particularly when the scope of discovery cannot be ascertained without the Court's guidance regarding what law applies (and what that law requires).  *Google*, 2020 WL 7227159, at *3 (explaining that when "discovery will be stayed for several months" in order to resolve a motion to dismiss, such a "limited stay of discovery . . . does not unduly prejudice Plaintiffs");

---

[7]  The Rule 26(f) conference has also already been held.  Samplin Decl. ¶ 6.
[8]  Despite the complexity of the issues and number of grounds for dismissal presented in the Motion to Dismiss, Defendants endeavored to file it expeditiously and without requesting additional extensions of time beyond the initial 30 day extension agreed to by the parties (Dkt. 12).

*Smith v. Craig*, 2019 WL 4781852, at *6 (D. Nev. Sept. 30, 2019) ("[T]here is no prejudice that can yet to be said to have occurred and none can be presumed by the Court given the short delay" caused by staying discovery pending a motion to dismiss).

\*   \*   \*

In sum, all considerations point towards the requested short stay. Discovery is unnecessary to resolve Defendants' Motion to Dismiss, which, if granted, will dispose of this case entirely. Discovery would frustrate the purpose of the *forum non conveniens* doctrine. Conducting discovery without first ascertaining the legal basis for Plaintiffs' claims would be practically impossible. And Plaintiffs cannot seriously contend that a brief stay of two months (or less) is prejudicial. A short stay is eminently reasonable.

## V.   CONCLUSION

Aside from the exchange of initial disclosures under Rule 26(a)(1), discovery should be stayed pending the adjudication of Defendants' Motion to Dismiss.

DATED:  May 10, 2021

DOUGLAS FUCHS
ILISSA SAMPLIN
DANIEL NOWICKI
GIBSON, DUNN & CRUTCHER LLP

By: */s/      Ilissa Samplin*
Ilissa Samplin

Attorneys for Defendants KORN FERRY and MARAT FOOKSON

Gibson, Dunn & Crutcher LLP

15