Daniel J. Fazio (SBN: 243475)
daniel.fazio@dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street #900
Chicago, IL 60606
Tel:   (312) 368-4000

Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543
Tel:   (213) 615-1700
Fax:   (213) 615-1750

*Attorneys for Plaintiffs*

DOUGLAS FUCHS, SBN 196371
dfuchs@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
DANIEL NOWICKI, SBN 304716
dnowicki@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SSI(U.S.), INC., a Delaware corporation, d/b/a SPENCER STUART, SPENCER STUART INTERNATIONAL B.V., AND SPENCER STUART INTERNATIONAL IRELAND, LTD., LIMITED LIABILITY COMPANY SPENCER STUART INTERNATIONAL<br><br>Plaintiffs,<br><br>v.<br><br>KORN FERRY, a Delaware corporation, and MARAT FOOKSON,<br><br>Defendants. | **Case No. 2:21-CV-02073-JVS-PD**<br><br>**[DISCOVERY MATTER]**<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>**Hon. James V. Selna**<br>**Hon. Patricia Donahue**<br><br>Complaint Served: March 9, 2021 |

Plaintiffs and Defendants submit the following proposed Amended Stipulated Protective Order to add a new category of Protected Material. This new category of Protected Material is designated "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" and is described in more detail below.

**1.      PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.      GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets and other valuable research, development, commercial, financial, intellectual property, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Other information may be protected from public disclosure under applicable international, state or federal law, or court rules.  Such confidential and proprietary materials and information consist of, among other things: confidential business or financial information; non-public information that could cause financial and competitive harm if disclosed; information regarding confidential business practices, or other confidential strategic, development, or commercial information; and information otherwise generally unavailable to the

1  public, or which may be privileged or otherwise protected from disclosure.

2      Accordingly, to expedite the flow of information, to facilitate the prompt

3  resolution of disputes over confidentiality of discovery materials, to adequately protect

4  trade secret information, to ensure that the parties are permitted reasonably necessary

5  uses of such material in preparation for and in the conduct of trial, to address their

6  handling at the end of the litigation, and to serve the ends of justice, a protective order

7  for such information is justified in this matter.  It is the intent of the parties that

8  information will not be designated as confidential for tactical reasons and that nothing

9  be so designated without a good faith belief that it has been maintained in a confidential,

10 non-public manner, and there is good cause why it should not be part of the public

11 record of this case.

12 **3.   DEFINITIONS**

13     3.0   Action: this pending federal lawsuit.

14     3.1   Challenging Party: a Party or Non-Party that challenges the designation of

15 information or items under this Stipulated Protective Order.

16     3.2   "CONFIDENTIAL" Information or Items: information (regardless of how

17 it is generated, stored, or maintained) or tangible things that qualify for protection under

18 Federal Rule of Civil Procedure 26(c).

19     3.3   Counsel (without qualifier): Outside Counsel of Record and House

20 Counsel (as well as their support staff).

21     3.4   Designating Party: a Party or Non-Party that designates information or

22 items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL"

23 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24     3.5   Disclosure or Discovery Material: all items or information, regardless of

25 the medium or manner in which it is generated, stored, or maintained (including, among

26 other things, testimony, transcripts, and tangible things), that are produced or generated

27 in disclosures or responses to discovery in this matter.

28     3.6   Expert: a person with specialized knowledge or experience in a matter

pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action; (2) is not a party or current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive and confidential material the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.8 "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" Information or Items: extremely sensitive and confidential material the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, but which Plaintiffs agree that Outside Counsel of Record for Defendants may share with certain individuals on a limited basis as set forth in Section 8.4 below. The parties agree that documents and communications that meet this standard are those that, on their face, indicate that those documents and communications were authored or received by any of the Russian Individuals (as defined below in Section 8(h)).

3.9 House Counsel: attorneys who are employees of a Party to this Action, or who are not employed by a Party but serve in a similar role as in-house counsel. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.11 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

3.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their

1  support staffs).

2      3.13  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

3  Discovery Material in this Action.

4      3.14  <u>Professional Vendors</u>: persons or entities that provide litigation support

5  services (e.g., photocopying, videotaping, translating, preparing exhibits or

6  demonstrations, and organizing, storing, or retrieving data in any form or medium) and

7  their employees and subcontractors.

8      3.15  <u>Protected Material</u>: any Disclosure or Discovery Material that is

9  designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

10  EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN

11  INDIVIDUALS ONLY."

12      3.16  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

13  from a Producing Party.

14  **4.     SCOPE**

15      The protections conferred by this Stipulated Protective Order cover not only

16  Protected Material (as defined above), but also (1) any information copied or extracted

17  from Protected Material; (2) all copies, excerpts, summaries, or compilations of

18  Protected Material; and (3) any testimony, conversations, or presentations by Parties or

19  their Counsel that might reveal Protected Material. However, the protections conferred

20  by this Stipulated Protective Order do not cover any information that is in the public

21  domain at the time of disclosure to a Receiving Party or becomes part of the public

22  domain after its disclosure to a Receiving Party as a result of publication not involving

23  a violation of this Stipulated Protective Order, including becoming part of the public

24  record through trial or otherwise.

25      Any use of Protected Material at trial shall be governed by a separate agreement

26  or order.  This Order does not govern the use of Protected Material at trial.

27  **5.     DURATION**

28      Even after final disposition of this litigation, the confidentiality obligations

imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6.   DESIGNATING PROTECTED MATERIAL

6.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition, the Designating Party may either (1) identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted; or (2) designate the entirety of the deposition testimony, including, but not limited to the exhibits presented to the witness, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN

INDIVIDUALS ONLY" (before the deposition is concluded) with the right to identify more specific portions of the deposition testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" information may be separately bound by the court reporter, who must affix to the top of each page the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" legend as instructed by the Designating Party. The designation of portions of the Testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" will not alter the pagination of the transcript.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.   ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION). In no event may any Protected Material be used in connection with any matter other than this Action without the express written consent of the Designating Party.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

1    authorized under this Order.

2         8.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

3         Unless otherwise ordered by the Court or permitted in writing by the Designating

4    Party, a Receiving Party may disclose any material designated "CONFIDENTIAL"

5    only to:

6         (a)    the Receiving Party's Outside Counsel of Record in this Action, as

7    well as employees of said Outside Counsel of Record to whom it is reasonably

8    necessary to disclose the information for this Action;

9         (b)    the officers, directors, and employees (including House Counsel) of

10   the Receiving Party to whom disclosure is reasonably necessary for this Action and who

11   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12        (c)    Experts (as defined in this Stipulated Protective Order) of the

13   Receiving Party to whom disclosure is reasonably necessary for this Action, and who

14   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15        (d)    the Court and its personnel;

16        (e)    court reporters and their staff, professional jury or trial consultants,

17   mock jurors, and Professional Vendors to whom disclosure is reasonably necessary, and

18   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19        (f)    during their depositions, witnesses, and attorneys for witnesses, in

20   the Action to whom disclosure is reasonably necessary and who have signed the

21   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

22   by the Designating Party or ordered by the Court. Pages of transcribed deposition

23   testimony or exhibits to depositions that reveal Protected Material may be separately

24   bound by the court reporter and may not be disclosed to anyone except as permitted

25   under this Stipulated Protective Order;

26        (g)    the author or recipient of a document containing the information;

27   and

28        (h)    any mediator or settlement officer, and their supporting personnel,

1  mutually agreed upon by any of the parties engaged in settlement discussions who have

2  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

3      8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4  ONLY" Information or Items.

5      Unless otherwise ordered by the Court or permitted in writing by the Designating

6  Party, a Receiving Party may disclose any material designated "HIGHLY

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

8          (a)    the Receiving Party's Outside Counsel of Record in this Action and

9  employees of Outside Counsel of Record to whom disclosure is reasonably necessary;

10          (b)    Experts (as defined in this Stipulated Protective Order) of the

11  Receiving Party to whom disclosure is reasonably necessary, and who have signed the

12  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13          (c)    the Court and its personnel;

14          (d)    court reporters and their staff, professional jury or trial consultants,

15  mock jurors, and Professional Vendors to whom disclosure is reasonably necessary, and

16  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17          (e)    during their depositions, witnesses in the Action to whom disclosure

18  is reasonably necessary and who have signed the "Acknowledgment and Agreement to

19  Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

20  by the Court. Pages of transcribed deposition testimony or exhibits to depositions that

21  reveal Protected Material may be separately bound by the court reporter and may not

22  be disclosed to anyone except as permitted under this Stipulated Protective Order;

23          (f)    the author or recipient of a document containing the information;

24  and

25          (g)    any mediator or settlement officer, and their supporting personnel,

26  mutually agreed upon by any of the parties engaged in settlement discussions who have

27  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

28

1        8.4   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS AND
2  RUSSIAN INDIVIDUALS ONLY" Information or Items.

3        Unless otherwise ordered by the Court or permitted in writing by the Designating
4  Party, a Receiving Party may disclose any material designated "HIGHLY
5  CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" only to:

6        (a)   the Receiving Party's Outside Counsel of Record in this Action and
7  employees of Outside Counsel of Record to whom disclosure is reasonably necessary;

8        (b)   Experts (as defined in this Stipulated Protective Order) of the
9  Receiving Party to whom disclosure is reasonably necessary, and who have signed the
10  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11        (c)   the Court and its personnel;

12        (d)   court reporters and their staff, professional jury or trial consultants,
13  mock jurors, and Professional Vendors to whom disclosure is reasonably necessary, and
14  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15        (e)   during their depositions, witnesses in the Action to whom disclosure
16  is reasonably necessary and who have signed the "Acknowledgment and Agreement to
17  Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered
18  by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that
19  reveal Protected Material may be separately bound by the court reporter and may not
20  be disclosed to anyone except as permitted under this Stipulated Protective Order;

21        (f)   the author or recipient of a document containing the information;
22  and

23        (g)   any mediator or settlement officer, and their supporting personnel,
24  mutually agreed upon by any of the parties engaged in settlement discussions who have
25  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

26        In addition, Defendants' Outside Counsel of Record in this Action may
27  show documents—but not transmit in any way such documents—designated as
28  "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS

ONLY" to the following individuals, only if such disclosure is reasonably necessary, and only if he or she has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A): Yaroslav Olegovich Galzunov, Margarita Vladimirovna Koshman, Anton Vladimirovich Storozhenko, Polina Mytsalo, Gennady Vanin, Irina Kalkina, Ksenia Matveeva, Marina Maximova, Svetlana Baranova, and/or Maria Nabatova (collectively, the "Russian Individuals"). Defendants' Outside Counsel of Record may show—but not transmit—such designated documents to the Russian Individuals whether or not that particular Russian Individual authored or received the specific document at issue.

**Defendants' Outside Counsel of Record may not directly or indirectly transmit any documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" to the Russian Individuals in any manner**.

In addition to all other obligations undertaken pursuant to this Order, as a prerequisite to sharing documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS ONLY" with the Russian Individuals, Defendant Korn Ferry agrees: (i) to immediately notify Plaintiffs' Outside Counsel of Record upon learning of any breach of this Section 8.4; (ii) that it shall bear full responsibility for any breaches of the terms of this Stipulated Protective Order by the Russian Individuals; and (iii) to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of addressing any breaches of this Stipulated Protective Order by the Russian Individuals, even if such enforcement proceedings occur after termination of this action.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS

1 ONLY," that Party must:

2      (a)    promptly notify in writing the Designating Party. Such notification
3 shall include a copy of the subpoena or court order;

4      (b)    promptly notify in writing the party who caused the subpoena or
5 order to issue in the other litigation that some or all of the material covered by the
6 subpoena or order is subject to this Stipulated Protective Order. Such notification shall
7 include a copy of this Stipulated Protective Order; and

8      (c)    cooperate with respect to all reasonable procedures sought to be
9 pursued by the Designating Party whose Protected Material may be affected.

10      If the Designating Party timely seeks a protective order, the Party served with the
11 subpoena or court order shall not produce any information designated in this Action as
12 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
13 or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS
14 ONLY" before a determination by the court from which the subpoena or order issued,
15 unless the Party has obtained the Designating Party's permission. The Designating Party
16 shall bear the burden and expense of seeking protection in that court of its confidential
17 material—and nothing in these provisions should be construed as authorizing or
18 encouraging a Receiving Party in this Action to disobey a lawful directive from another
19 court.

20 **10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
21 **PRODUCED IN THIS LITIGATION**

22      (a)    The terms of this Stipulated Protective Order are applicable to
23 information produced by a Non-Party in this Action and designated as
24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
25 or "HIGHLY CONFIDENTIAL – ATTORNEYS AND RUSSIAN INDIVIDUALS
26 ONLY." Such information produced by Non-Parties in connection with this litigation
27 is protected by the remedies and relief provided by this Stipulated Protective Order.
28 Nothing in these provisions should be construed as prohibiting a Non-Party from

1     seeking additional protections.

2            (b)     In the event that a Party is required, by a valid discovery request, to

3 produce a Non-Party's confidential information in its possession, and the Party is

4 subject to an agreement with the Non-Party not to produce the Non-Party's confidential

5 information, then the Party shall:

6                  (1)     promptly notify in writing the Requesting Party and the Non-

7         Party that some or all of the information requested is subject to a confidentiality

8         agreement with a Non-Party;

9                  (2)     promptly provide the Non-Party with a copy of the Stipulated

10        Protective Order in this Action, the relevant discovery request(s), and a

11        reasonably specific description of the information requested; and

12                  (3)     make the information requested available for inspection by

13        the Non-Party.

14            (c)     If the Non-Party fails to object or seek a protective order from this

15 court within 14 days of receiving the notice and accompanying information, the

16 Receiving Party may produce the Non-Party's confidential information responsive to

17 the discovery request. If the Non-Party timely seeks a protective order, the Receiving

18 Party shall not produce any information in its possession or control that is subject to the

19 confidentiality agreement with the Non-Party before a determination by the court.

20 Absent a court order to the contrary, the Non-Party shall bear the burden and expense

21 of seeking protection in this court of its Protected Material.

22 **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

23       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24 Protected Material to any person or in any circumstance not authorized under this

25 Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

26 the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve

27 all unauthorized copies of the Protected Material; (c) inform the person or persons to

28 whom unauthorized disclosures were made of all the terms of this Order; and (d) request

1   such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

2   that is attached hereto as Exhibit A.

3   **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

4   **PROTECTED MATERIAL**

5       When a Producing Party gives notice to Receiving Parties that certain

6   inadvertently produced material is subject to a claim of privilege or other protection,

7   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

8   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

9   may be established in an e-discovery order that provides for production without prior

10   privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

11   parties reach an agreement on the effect of disclosure of a communication or

12   information covered by the attorney-client privilege or work product protection, the

13   parties may incorporate their agreement in the Stipulated Protective Order submitted to

14   the Court.

15   **13.    MISCELLANEOUS**

16       12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

17   person to seek its modification by the Court in the future.

18       12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

19   Stipulated Protective Order no Party waives any right it otherwise would have to object

20   to disclosing or producing any information or item on any ground not addressed in this

21   Stipulated Protective Order. Similarly, no Party waives any right to object on any

22   ground to use in evidence of any of the material covered by this Stipulated Protective

23   Order.

24       12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any

25   Protected Material must comply with Civil Local Rule 79-5. Protected Material may

26   only be filed under seal pursuant to a court order authorizing the sealing of the specific

27   Protected Material at issue.  If a Party's request to file Protected Material under seal is

28   denied by the court, then the Receiving Party may file the information in the public

record unless otherwise instructed by the Court.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: April 25, 2022            DLA PIPER LLP (US)
                                 WINSTON & STRAWN LLP


                                 By: */s/ Daniel Fazio*
                                     Daniel Fazio (SBN: 243475)
                                     Diana Hughes Leiden (SBN: 267606)
                                     Lev Tsukerman (SBN: 319184)

                                     *Attorneys for Plaintiffs*
                                     *SSI(US) INC. d/b/a SPENCER STUART*
                                     *and LIMITED LIABILITY COMPANY*
                                     *SPENCER STUART INTERNATIONAL*

DATED: April 25, 2022          GIBSON, DUNN & CRUTCHER LLP

By: /s/ Ilissa Samplin
Douglas Fuchs
Ilissa Samplin
Daniel Nowicki

*Attorneys for Defendants*
*KORN FERRY and MARAT FOOKSON*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  April 26, 2022

Hon. Patricia Donahue
United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Ilissa Samplin, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  April 25, 2022                    By: */s/ Ilissa Samplin*
                                                              Ilissa Samplin

1
2

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3    I, _____ [print or type full name], of

4    _____ [print or type full address],

5    declare under penalty of perjury that I have read in its entirety and understand the

6    Stipulated Protective Order that was issued by the United States District Court for the

7    Central District of California on _____ in the case of *SSI(U.S.), Inc., et al.*

8    *v. Korn Ferry, et al.*, Case No. 2:21-CV-02073-JVS-PD. I agree to comply with and to

9    be bound by all the terms of this Stipulated Protective Order and I understand and

10   acknowledge that failure to so comply could expose me to sanctions and punishment in

11   the nature of contempt. I solemnly promise that I will not disclose in any manner any

12   information or item that is subject to this Stipulated Protective Order to any person or

13   entity except in strict compliance with the provisions of this Order.

14         I further agree to submit to the jurisdiction of the United States District Court for

15   the Central District of California for the purpose of enforcing the terms of this Stipulated

16   Protective Order, even if such enforcement proceedings occur after termination of this

17   action.

18         I hereby appoint _____ [print or type full name] of

19   _____ [print or type full address and

20   telephone number] as my California agent for service of process in connection with this

21   action or any proceedings related to enforcement of this Stipulated Protective Order.

22

23   Date: _____

24   City and State where sworn and signed: _____

25   Printed name: _____

26   Signature: _____

27

28

19